UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BYRON J. FORE,<br><br>                              Plaintiff,<br>    v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br><br>                              Defendants. | Case No. 3:17-cv-00737-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING<br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE<br>WILLIAM G. COBB |

**I.    SUMMARY**

Plaintiff Byron J. Fore brings this civil rights case pursuant to 42 U.S.C. § 1983. Magistrate Judge William G. Cobb issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' motion for summary judgment (ECF No. 27) in part and deny it in part. (ECF No. 37.) Any objection to the R&R was due by July 3, 2020, but none has been filed. The Court accepts the R&R in full.

**II.   BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 4.) This action concerns events that occurred while Plaintiff was housed at Lovelock Correctional Center ("LCC"). (*Id.*)

The case proceeds on Plaintiff's claims of retaliation and Eighth Amendment deliberate indifference to a serious medical need related to dental care at LCC. (ECF No. 3 at 9.) These claims are alleged against two remaining Defendants—Dr. Catherine Yup and Desiree Hultenschmidt. (*Id.*)[1] Plaintiff's retaliation claim is grounded on assertions that

///

---

[1] Yup substituted in for Dr. Young. (ECF No. 21.) The Court dismissed Aranas without prejudice for lack of service under Federal Rule of Civil Procedure 4(m). (ECF No. 32.)

he was improperly charged for dental care and his teeth were treated one at a time because he filed grievances against Defendants. (*Id.* at 5.) Plaintiff's deliberate indifference claim is based on his allegations that Defendants, *inter alia*, ignored his ongoing teeth decay and related pain. (*Id.* at 7.) Further background regarding this matter is included in the R&R (ECF No. 37) which the Court adopts.

### III. LEGAL STANDARD

#### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

Because there is no objection, the Court does not conduct de novo review. Further, having reviewed the R&R, related briefing, and accompanying exhibits, the Court finds the R&R should be accepted.

#### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could

find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV.  DISCUSSION**

Given the absence of an objection, the Court is satisfied that there is no clear error upon the face of the R&R and records before it. The Court will therefore accept the R&R in its entirety.[2]

Judge Cobb recommends that summary judgment be granted on both claims against Hultenschmidt and on the retaliation claim against Yup, finding that these claims are not supported by evidence to raise a genuine dispute. (ECF No. 37 at 5, 13.) Having reviewed the related evidence[3], the Court agrees with Judge Cobb's findings and will therefore adopt these recommendations.

Judge Cobb differently recommends that the Court deny summary judgment on the remaining Eighth Amendment deliberate indifference claim against Yup. As to this claim, Defendants argue that Yup's conduct was not deliberatively indifferent, amounting to a difference in opinion, and that she is entitled to qualified immunity. (ECF No. 27 at 7–8, 9–11.) Judge Cobb found to the contrary. (ECF No. 37 at 15–17.) First, Judge Cobb concluded that there is a genuine dispute of material fact as to whether Yup was deliberately indifferent when she denied Plaintiff anything for his pain between March 16, 2017, and the date his tooth was extracted on April 4, 2017—a period of a few weeks. (*Id.*

///

---

[2]Because the R&R provides the proper legal frameworks for Plaintiff's retaliation and deliberate indifference claims (ECF No. 37 at 5–8), the Court incorporates them by reference and will not repeat them here.

[3](*See* ECF Nos. 27-1, 27-2, 27-3, 27-4 (Plaintiff's grievance history and the administrative regulations concerning charges for medical and dental visits); ECF No. 27-6, ECF No. 34 at 8 (Hultenschmidt stating lack of involvement in determining Plaintiff's treatment and Plaintiff's single copay sheet signed by Hultenschmidt to connect her to his dental treatment).)

at 15–16.) Drawing reasonable inferences in Plaintiff's favor, the Court concludes this finding is supported by the evidence. (*See id.*; *see also* ECF No. 29-1 at 3, ECF No. 27-2 at 2 (showing Plaintiff complaining of difficulty chewing on March 16, 2017, and then of continued pain on March 27, 2017, and Yup indicating that pain medication was not warranted); ECF No. 27-2 at 6 (showing Plaintiff continuing to complain about his pain being agonizing, keeping him up all night, and interfering with his ability to eat).) The Court additionally agrees with Judge Cobb's finding that Yup is not entitled to qualified immunity particularly applying *Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989) and based on qualified immunity requirements.[4] (*See* ECF No. 37 at 16–17.) Per *Hunt*, it has been clearly established that an official may be found deliberately indifferent where the official is nonresponsive to a serious dental issue that is causing an inmate pain and difficulty eating. *Id.* Accordingly, the Court agrees that Defendants should be denied summary judgment on this claim as asserted against Yup.

In sum, the Court agrees with the R&R and will adopt it in full.

**V.  CONCLUSION**

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 37) is accepted and adopted in its entirety.

It is further ordered that Defendants' motion for summary judgment (ECF No. 27) is denied in part and granted in part. It is granted as to all except the Eighth Amendment deliberate indifference claim against Yup.

DATED THIS 14th day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]These requirements are sufficiently detailed in the R&R. (*See* ECF No. 37 at 16.)